UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

Jay Bradshaw

                    Plaintiff,

        —against—

The City of New York; Jason Loesch;
Scott Tebbens; DCaptain John Does,
1 & 2; G. Auguste, PA; Physician and ToWhid
Shiblee, MD, As employees of the
New York City Department of Correction, and Individually,
                    Defendants.

ORIGINAL

COMPLAINT

CV 17-1168

Jury Trial Demanded

KUNTZ, J.

Civ. No.: _____

TISCIONE, M.J.

RECEIVED
FEB 27 2017
PRO SE OFFICE

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages
   pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil
   rights, as said rights are secured by said statutes and the Constitution of
   the United States.  Plaintiff also assert supplemental state law claims. As
   set forth more fully herein, Plaintiff was assaulted, battered and denied
   adequate medicate care, and denied medical treatment by New York City
   do

1

ORIGINAL

KUNTZ, J.

TISCIONE, M.J.

PRO SE OFFICE

Department of Correction Officers and its agents.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1931, 1343 and 1367.

## VENUE

4. Venue is proper in the Court pursuant to 28 U.S.C. § 1391.

5. On or about March 1, 2016; March 11, 2016 and February 17, 2016, Plaintiff ~~February 17~~ April 30, served upon Defendant City of New York timely notices of the present claims pursuant to New York General Municipal Law § 50-e.

6. This action has commenced within one (1) year of the accrual of each of Plaintiffs' causes of action.

7. Plaintiff has duly complied with all conditions precedent to the commencement of this action.

2

## PARTIES

8. Plaintiff, JAY BRADSHAW, is a citizen and resident of the State of New York and the United States, ~~and is resident within the Southern District of New York~~.

9. Defendant; CITY OF NEW YORK, of which the County of ~~New York~~ Queens is a subdivision, is a municipal corporation of the State of New York and is resident of the ~~Southern~~ Eastern District of New York.

10. Defendant, JASON LOESCH, shield #4589, at all relevant times, was ~~employed~~ an officer of the New York City Department of Correction, was employed by the City of New York, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

11. Defendant, Scott Tebbens, shield #7658, at all relevant times, was an officer of the New York City Department of Correction, was employed by the City of New York, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

12. Defendant, Captain John Does, 1 & 2, at all relevant times, was officers of the New York City Department of Correction, was employed by the City of New York,

3

acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

13. Defendant, G. Auguste, Physician, at all relevant times, was an agent of the New York City Department of Correction, was employed by the City of New York, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

14. Defendant, Towhid Shiblee, M.D., at all relevant times, was an g/agent of the New York City Department of Correction, was employed by the City of New York, acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the State of New York and City of New York, and acted within the scope of his employment. He is sued in his individual and his official capacity.

15. The New York City Department of Correction ("DOC") is an agency of the CITY OF NEW YORK. Officers and prison medical staff are agents and employees of the City of New York, which is legally responsible for torts they commit within the scope of their employment and/or under color of law.

## STATEMENT OF FACTS
## COMPLAINT #1

4

16. On December 31, 2015, Plaintiff was within the care, custody and control of DOC in connection with a pending criminal proceeding and was incarcerated at Otis Bantum Correctional Center ("OBCC"), Elmhurst, New York.

17. On the above date, at about 9:50 a.m., and while in 3 North housing unit, in the above location, Plaintiff and others in adjoining cells, was ordered to exit cell, stand in ~~with~~ line with hands above their head while search was being conducted.

18. Plaintiff complied with the orders of the New York City Correction Officers by standing in line with hands above his head.

19. Defendant Loesch subsequently tapped Plaintiffs' right shoulder and stated "interlock your fingers behind your head."

20. In response, while facing forward with hands above his head, Plaintiff earnestly stated "my arms are tired," especially because his hands remained above his head for more than five (5) minutes.

21. Defendant Loesch, nonetheless, instantly and violently grabbed Plaintiff from the line by his right arm and shoulder tossing him to the floor.

22. On the floor, and after Plaintiffs' hands were cuffed behind his back, Defendant Loesch with a closed right fist struck plaintiff on the left side of this face.

5

23. Next, Plaintiff was repeatedly threatened while being escorted out of the housing unit by Defendant Tebbens who stated, amongst other things, "I will break your f[**]king hand."

24. At the same time, Defendant Tebbens bent and twisted Plaintiff's left index finger causing it to snap.

25. After, medical staff subsequently determined that Plaintiff has suffered a fracture to his left index finger.

26. As a result of the foregoing, Plaintiff suffered, inter-alia, serious physical injuries, extreme pains, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights – all to his detriment.

## COMPLAINT # 2

27. Directly following the assault by Defendant Loesch and Tebbens, at approximately 11:00 a.m., Plaintiff was taken to a clinic at OBCC for examination of the injuries he suffered.

28. Defendant Auguste, PA, completely neglected to examine any of Plaintiffs' injuries including bruise on left side of his face, body bruises, and swollen left index finger.

6

29. Therefore, Defendant Auguste incorrectly noted "Pt claims injuries to Rt hand/ index finger. [sic]," and failed to note any other injuries suffered by Plaintiff.

30. Defendant Auguste however referred Plaintiff to Urgicare.

31. Ot Urgicare, about 8:00 p.m., Plaintiff's left hand including his left index finger was X-rayed.

32. And, Plaintiff's left index finger was examined by Defendant Shiblee who proclaimed "no fracture", though X-ray revealed a fracture to Plaintiffs left index finger.

33. Defendant Shiblee also proclaimed an follow-up appointment with orthopedic doctor would be scheduled, though it was necessary for plaintiff to see a hand Specialist.

~~COMPLAINT #3~~

34. Subsequently, from January 15, 2016 to February 16, 2016, Plaintiff requested emergency sick-call, whereas he suffered extreme pains and the condition of his left index finger worsened

35. Medical staff in a clinic at OBCC prescribed Plaintiff pain medication, and declared that Plaintiff must wait until follow-up appointment with orthopedic doctor is scheduled by Defendant Shiblee.

36. On February 10, 2016, however, Plaintiff filed medical complaint given the fact

he was in need for treatment and delay to schedule the appointment with orthopedic doctor by Defendant Shiblee. The complaint resulted in a scheduled appointment on February 17, 2016.

37. On February 17, 2016, medical staff in a clinic at OBCC informed Plaintiff that Punitive Segregation Unit ("PSU") Defendant Captain John Doe 1 alleged that Plaintiff refused the appointment with orthopedic doctor.

38. In fact, Defendant Captain John Doe 1 failed to assign an escort officer to transport Plaintiff to appointment with orthopedic doctor.

39. Subsequently, between February 18, 2016 to March 16, 2016, Plaintiff requested emergency sick-call whereas he suffered extreme pains in his left index finger.

40. Medical staff in a clinic at OBCC prescribed Plaintiff pain medication, and declared that Plaintiff must wait until follow-up appointment with orthopedic doctor is re-scheduled by Defendant Shiblee.

41. On February 24, 2016, however, Plaintiff filed appeal to his medical complaint dated February 10, 2016 because his need for treatment and Dr. Shiblee's delay to re-schedule appointment with the orthopedic doctor.

42. Moreover, medical doctor in a clinic at OBCC informed Plaintiff that it

8

was necessary that Plaintiff see a hand-Specialist and made a request to
Defendent Shiblee to appoint a schedule with hand-Specialist.

43. On March 16, 2016, as a result of Plaintiffs medical complaint and appeal,
medical staff in a clinic at OBCC requested Plaintiffs presence, and informed
Plaintiff of appointment with the orthopedic doctor on March 17, 2016.

44. On March 17, 2016, PSU Captain John Doe 2 informed Plaintiff that there is no
escort officer to escort him to appointment with orthopedic doctor.

45. Subsequently, between March 18, 2016 to May until being discharged on May 4,
2016, Plaintiff requested emergency sick-call whereas he suffered extreme
pains in his left index finger.

46. Medical staff in the clinic at OBCC prescribed Plaintiff pain medication, mentioned
that Doctor Shiblee must re-schedule appointment with othopedic doctor, and
schedule an appointment with a hand-specialist.

47. Defendant Shiblee had not re-scheduled Plaintiff for an appointment with the
orthopedic doctor or schedule an appointment with a hand-specialist.

48. As a result of the foregoing, Plaintiff never received the necessary medical
care for his left index finger while in DOC custody.

9

49. Plaintiff's left index finger healed improperly and is now deformed and causes Plaintiff extreme pains.

50. As a result of the foregoing, Plaintiff suffered, inter alia, extreme pains, aggravation of his physical injuries, deformity, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights— all to his detriment.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983; Prohibition against Cruel and Unusual Punishment Under the Eighth and Fourteenth Amendments; Defendants Loesch, Tebbens, Captain John Doe 1 & 2, and Shiblee.)

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 of this Compliant.

52. Defendant Loesch and Tebbens employed a level of force that was excessive and deliberately indifferent to Plaintiff's health and safety, as said conduct is described above.

53. As a result of the aforementioned conduct of defendant Loesch and Tebbens, Plaintiff was subjected to cruel and unusual punishment and sustained physical injuries.

10

54. Additionally, Defendant Loesch and Tebbens had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

55. Defendant Loesch and Tebbens failed to intervene to prevent the unlawful conduct described herein.

56. As a result of the foregoing, Plaintiff was subjected to excessive force and he was put in fear of his safety.

57. Additionally, Defendant Shiblee intentionally delayed Plaintiff access to medical care and was deliberately indifferent to Plaintiff's health.

58. Defendant Shiblee failed By virtue of the foregoing, to provide Plaintiff prompt access to medical care.

59. By virtue of the foregoing, Plaintiff was subjected to extreme pains, inter alia, and put in fear of his health and safety.

60. Additionally, Defendants Captain John Doe 1 & 2 intentionally denied Plaintiff access to medical care and was deliberately indifferent to Plaintiff's health and safety.

11

61. Defendant Captain John Doe 1 & 2 failed to provide Plaintiff access to medical care.

62. By virtue of the foregoing, Plaintiff was subjected to, inter alia, extreme pains and he was put in fear of his health and safety.

63. Additionally, Defendant Loesch and Tebbens seized, assaulted and battered Plaintiff because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by the other DOC officer.

64. By virtue of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the United States Constitution.

65. Additionally, Defendant Shiblee and Captain John Doe 1 & 2 intentionally delayed or denied Plaintiff access to medical care because of his national origin, and/or race, or otherwise failed to provide prompt medical care.

66. By virtue of the foregoing, Plaintiff was deprived of his rights under the Equal Protection Clause of the United States Constitution.

67. The aforesaid conduct which Defendants committed, individually and

12

collectively, operated to deprive Plaintiff of his rights under the Constitution and the United States:

    (a) Not to be assaulted or battered, in violation of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution;

    (b) Not to be deprived prompt medical care or deprived medical care, in violation of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution; and

    (c) Not to be deprived equal protection of law, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

68. The foregoing violations of Plaintiff's federal constitutional rights by the Defendants directly, substantially, proximately, and foreseeably caused Plaintiff's injuries and damages.

69. The foregoing violations of Plaintiffs' rights amounted to Constitutional torts and were affected by actions taken under color of State law, and within the scope of the Defendants' employment and authority.

13

70. Defendant committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, negligently, and/or with deliberate indifference to Plaintiffs constitutional rights or ~~the~~ to the effect of such misconduct upon Plaintiffs constitutional rights.

71. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and punitive damages.

## SECOND CAUSE OF ACTION

(42 U.S.C. § 1983; Excessive Force under the Fourth and Fourteenth Amendments; Defendants ~~Loesh~~ Loesch and Tebbens)

72. Plaintiff repeats and realleges each and every allegations contained in paragraph 1 through 71 of this Complaint.

73. Defendant Loesch and Tebbens employed a level of force that was excessive, objectively unreasonable and otherwise in violation of Plaintiffs constitutional rights.

74. As a result of the foregoing conduct committed by Defendant Loesch and Tebbens, Plaintiff was subjected to excessive force and sustained serious physical injuries.

14

75. By virtue of the foregoing, Defendants Loesch and Tebbens are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory damages and punitive damages.

## THIRD CAUSE OF ACTION

(Monell/ 42 U.S.C. § 1983: Claim Against Defendant City of New York For Action Of The DOC)

76. Plaintiff repeats and realleges each and every allegations contained in paragraph 1 through 75 of this Complaint.

77. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Department of Correction included, but were not limited to subjecting inmates to excessive force, intentionally delaying inmates prompt medical care and intentionally denying inmates medical care.

79. In addition, the City of New York engaged in a policy, custom or

15

practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Plaintiff's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberate indifferent to, the acts and conduct complained of herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction constituted deliberate indifferent to the health, safety and constitutional rights of Plaintiff.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures and rule of the City of New York and the New York City Department of Correction the moving force behind the Constitutional violations suffered by Plaintiff as alleged herein.

16

83. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Department of Correction, Plaintiff was subjected to assault and battery, excessive force and to the denial of prompt medical care.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs' constitutional rights.

85. All of the foregoing acts by defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:
   A. To be free from assault and battery and/or the failure to intervene;
   B. To be provided prompt medical care;
   C. To be free from the use of excessive force and/or the failure to intervene, and
   D. To receive equal protection under the law.

86. By virtue of the foregoing, the Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiffs' constitutional rights and his constitutional injuries.

## FOURTH CAUSE OF ACTION

(Assault Under State Law; Defendants Loesch, Tebbens and City of New York)

17

87. Plaintiff repeats and realleges each and every allegations contained in paragraphs 1 through 86 of this Complaint.

88. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily ~~condue~~ contact by Defendant Loesch and Tebbens.

89. As a result of Defendant Loesch and Tebbens conduct, Plaintiff has suffered physical ~~injuries~~ pains, mental pains and anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

90. Defendant City of New York is liable under the principle of respondeat superior.

~~91.~~                    FIFTH CAUSE OF ACTION
(Battery Under State Law; Defendants Loesch, Tebbens and City of New York)

91. Plaintiff repeats and realleges each and every allegations contained in paragraph 1 through 90 of this Complaint,

92. Defendant Loesch and Tebbens made offensive contact with Plaintiff without privilege or consent,

~~93.~~

18

93. As a result of Defendant Loesch's and Tebben's conduct, Plaintiff has suffered serious physical injuries, pains and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

94. Defendant City of New York is liable under the principle of respondeat superior.

## SIXTH CAUSE OF ACTION
(Negligence Under State Law, All Defendants)

95. Plaintiff repeats and reallege each and every allegations contained in paragraph 1 through 94 of this Complaint.

96. Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of the Defendants, collectively and individually, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97. Defendant City of New York is liable under the principle of respondeat superior.

## SIXTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress Under State Law; All Defendants)

98. Plaintiff repeats and realleges each and every allegations contained in paragraph 1 through 97 of this Complaint)

99. Defendant engaged in conduct that was extreme and outrageous, and exceeded all reasonable bounds of decency.

100. Defendants conducted was committed while acting within the scope and in furtherance of their employment by City of New York.

101. Defendants engaged in conduct with an intention to cause, or in reckless disregard of the substantial probability that it would cause, Plaintiff severe emotional distress.

102. Plaintiff suffered severe emotional distress as result of, and that was proximately cause by the defendants aforementioned conduct.

103. By virtue of the foregoing, Plaintiff suffered, inter-alia, serious physical injuries, emotional pains and mental anguish, extreme physical pains, embarrassment, humiliation, shock, fright and apprehension.

104. Defendant City of New York is liable under the principle respondeat superior.

## SEVENTH CAUSE OF ACTION

(Negligent Hiring, Training and Supervision Under State Law; Defendant City of New York)

105. Plaintiff repeats and realleges each and every allegations contained in paragraph 1 through 104 of this Complaint.

106. By virtue of the foregoing, Defendant City of New York is liable to Plaintiff because its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the DOC with regard to their aforementioned duties.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

107. Plaintiff filed Grievance Complaint dated January 11, 2016; Appeal and Request for Formal Hearing dated January 17, 2016; Appeal to Warden dated January 26, 2016; and Appeal to Central Office Review Committee dated February 5, 2016 regarding, amongst other things the assault by Defendant Loesch and Tebbens.

21

108. Plaintiff filed Grievance Complaint dated February 24, 2016, Appeal and Request For Formal Hearing dated March 1, 2016; Appeal to Warden dated March 6, 2016; and Appeal to Central Office Review Committee dated March 14, 2016 regarding, amongst other things, Defendant Captain John Doe 1 failure to provided escort officer.

109. Plaintiff filed Grievance Complaint dated March 19, 2016; Appeal and Request for Formal Hearing dated March 25, 2016; Appeal to Warden dated March 31, 2016; and Appeal to Central Office Review Committee dated April 6, 2016 regarding, amongst other things, Defendant ~~John~~ Captain John Doe 2 failure to provide escort officer.

110. Plaintiff filed Medical Complaint dated February 10, 2016 and Appeal dated February 24, 2016 regarding, amongst other things, the delayed for medical care.

## DAMAGES DEMAND

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

a. For compensatory damages of not less than $500.000;
b. For punitive damages against the individual Defendant of $500.000;
c. Cost and disbursement of this action;

d. For pre-judgment interest as allowed by law; and

e. For such other and further relief as this Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 29th day of January, 2017.

Jay Bradshaw (DIN 108-A-3654)
Plaintiff / Pro-Se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

I declare under penalty of perjury that on this 29th day of January, 2017, I am delivering this Complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Eastern District of New York.

Jay Bradshaw
Plaintiff / Pro Se

23



Jay Bradshaw

DIN: 08-A-3654

Green Haven Correctional Facility

P.O. Box 4000

Stormville, New York 12582

January 29, 2017

Pro Se Office

United States District Court

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 27 2017 ★

BROOKLYN OFFICE

Re: Complaint dated January 29, 2017; §1983

Dear Sir/Madam:

Please find enclosed, Complaint and Request to Proceed in Forma Pauperis dated January 29, 2017, which I submit for filing.

Enclosures/.                             Very truly yours
c: file
                                         Jay Bradshaw

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 27 2017   ★

BROOKLYN OFFICE