UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAY BRADSHAW,

                            Plaintiff,

        -against-

THE CITY OF NEW YORK , OFFICER JASON
LOESCH, SCOTT TEBBENS, CAPTAIN JOHN DOES,
G. AUGUSTE, PHYSICIAN, and TOWHID SHIBLEE,
MD, as employees of the New York City Department of
Correction and Individually,

                          Defendants.

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK, LOESCH, TEBBENS, AUGUSTE, AND SHIBLEE**

17 CV 01168 (WFK)(ST)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), Jason Loesch, Scott Tebbens, Gerard Auguste, and Towhid Shiblee, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege, upon information and belief, the following:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a documents purporting to be Notices of Claims were received by the New York City Comptroller's Office on or about March 1, 2016 and March 11, 2016.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint except admit this action was commenced on or about February 27, 2017.

7. Deny the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Jason Loesch was employed by the New York City Department of Correction as a Captain on or about December 31, 2015. Defendants further state that to the extent paragraph "10" contains a conclusion of law, no response is required.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Scott Tebbens was employed by the New York City Department of Correction on or about December 31, 2015. Defendants further state that to the extent paragraph "10" contains a conclusion of law, no response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

- 3 -

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Gerard Auguste was employed by the Physician Affiliate Group of New York to work within the New York City Department of Correction during the time period from December 31, 2015 through May 4, 2016.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Towhid Shiblee was employed by the Physician Affiliate Group of New York to work within the New York City Department of Correction during the time period from December 31, 2015 through May 4, 2016.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the New York City Department of Correction is an agency of the City of New York. Defendants further state that to the extent paragraph "15" contains a conclusion of law, no response is required.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that on or about December 31, 2015, plaintiff was in the custody of New York City Department of Corrections and housed at the Otis Bantum Correctional Center ("OBCC").

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that on or about December 31, 2015, while in the 3 North housing unit at OBCC, plaintiff and other inmates were instructed to exit their cells, stand in a line, and place their hands on the back of their heads while officers conducted a search of the area.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, expect admit that Jason Loesch instructed plaintiff, in sum and substance, to interlock his fingers behind his head.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint. Defendants further state that to the extent paragraph "54" contains a conclusion of law, no response is required.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" and its subparts of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint, and state to the extent paragraph "69" contains conclusions of law, no response is required.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint, and state to the extent paragraph "73" contains conclusions of law, no response is required.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint, and state to the extent paragraph "77" contains conclusions of law, no response is required.

- 8 -

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" and its subparts of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. In response to the allegations set forth in paragraph "87" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. In response to the allegations set forth in paragraph "91" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. In response to the allegations set forth in paragraph "95" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. In response to the allegations set forth in paragraph "98" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Paragraph "100" of the Complaint contains a conclusion of law and as such, requires no response.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. In response to the allegations set forth in paragraph "105" of the Complaint, defendants repeat and reallege the responses set forth in the proceeding paragraphs of this Answer as if fully set forth herein.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110," except admit that plaintiff purports to proceed as stated therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

93. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

94. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

95. Defendants Loesch, Tebbens, Shiblee, and Auguste have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

96. At all times relevant to the acts alleged in the Complaint, defendant City, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgment functions/ decisions.  Therefore, defendant City is entitled to governmental immunity from liability on plaintiff's state law claims.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

97.     Plaintiff has failed to comply with all conditions precedent to suit including, but not limited to, New York General Municipal Law §50 et seq., including §§ 50-e, 50-i, and 50-h.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

98.     Punitive damages are not recoverable against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

99.     Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

100.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

...
...
y

- 12 -

**WHEREFORE**, Defendants request a judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               June 12, 2017

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Defendant City of New York, Loesch,*
                                       *Tebbens, Auguste, and Shiblee*
                                    100 Church Street | Room 3-206
                                      Tel: (212) 356-2012
                                    mmckinne@law.nyc.gov

                              By:              / s/

                                    Morgan C. McKinney
                                    *Assistant Corporation Counsel*
                                    Special Federal Litigation Division

cc:     BY FIRST-CLASS MAIL
         **Jay Bradshaw**
         *Pro Se Plaintiff*
         Green Haven Correctional Center
         P.O. Box 4000
         Stormville, NY 12582