FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 02 2020 ★
BROOKLYN OFFICE

Jay Bradshaw
DIN: 08-A-3654
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871



December 26, 2019

Pro Se Office
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Bradshaw v. City of New York, et al.;
17-CV-1168(WFK)(ST)

Dear Sir/Madam:

Please find enclosed "Notice of Motion To Alter or Amend The Judgment" and "Affidavit In Support of Motion To Alter or Amend The Judgment," dated December 26, 2019 with proof of service.

Please accept these papers for filing in the above-referenced matter.

Sincerely,

Mr. Bradshaw
Plaintiff-Pro Se

To: Morgan C. Mckinney, ESQ.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

        Plaintiff,

—against—

The City of New York, et al.,

        Defendants.

---

NOTICE OF MOTION TO ALTER OR AMEND THE JUDGMENT

17-CV-1168(WFK)(ST)

PLEASE TAKE NOTICE that upon Affidavit of Jay Bradshaw, and upon all prior pleadings and proceedings had herein, Plaintiff Jay Bradshaw, will move this Court before William F. Kruntz, United States District ~~Court~~ Judge, at the United States District Court for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201, at a date and time to be determined by the Court, ~~for an order~~ pursuant to Rule 59 of the Federal Rules of Civil Procedure, for an order to alter or amendment this Court's decision entered on ~~dismissing the~~ December 10, 2019 granting defendant's motion for summary judgment and dismissing the case in its entirety, together with such other or further relief as may be just.

Dated: Pine City, New York

December 26, 2019

[RECEIVED JAN 02 2020 PRO SE OFFICE]

/s/ Jay Bradshaw

Mr. Jay Bradshaw
DIN: 08-A-3654
Plaintiff - Pro Se
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

To: ~~Erik Pinsonnault~~ Morgan Mckinney
~~Department of Law~~ Assistant Corporation Counsel
~~The Capitol~~ 100 Church Street
~~Albany, New York 12224~~ New York, New York 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Jay Bradshaw,
    Plaintiff,
 -against-
The City of New York, et al.,
    Defendants.

Mr. Bradshaw's Affidavit In Support Of Motion To Alter Or Amend The Judgment

17-CV-1168(WFK)(ST)

I, Jay Bradshaw, affirm under penalty of perjury that:

1. I am the Plaintiff in the above-entitled action and respectfully submit this Affidavit in support of my motion to alter or amend the judgment entered by the Court on December 10, 2019 granting defendants' motion for summary judgment and dismissing the case in its entirety.

2. I have personal knowledge of the facts which bears on this motion because I am the plaintiff in this matter and am the moving party.

3. Defendants filed "Motion For Summary Judgment" dated May 8, 2019, "Rule 56.1 Statement" dated May 8, 2019, and "Declaration of Assistant Corporation Counsel Morgan C. Mckinney" dated May 8, 2019. see, Civil Docket No. 95, 103-107.

4. On September 9, 2019, filed with the Court was "Mr. Bradshaw's Affidavit In Opposition To Defendants' Motion For Summary Judgment" dated September 2, 2019, and "Statement of Disputed Facts Pursuant To Local Civil Rules 56.1(b) dated September 1, 2019. see, Civil Docket No. 100.

5. Defendants filed "Reply Memorandum of Law In Further Support Of Defendants' Motion For Summary Judgment" dated October 4, 2019, and "Defendants' Responses And Objections To Plaintiff's 56.1 Statement of Additional Facts" dated October 4, 2019. see, Civil Docket No. 108-109.

1

RECEIVED JAN 02 2020 PRO SE OFFICE

6. On November 1, 2019, filed with the Court was Mr. Bradshaw's letter dated October 28, 2019 to William F. Kuntz, II, U.S.D.J. In the letter, Mr. Bradshaw stated, in relevant part, "Defendants' Responses and Objections To Plaintiff's 56.1 Statement" was ~~not~~ in fact [a]... response to "Mr. Bradshaw's Affidavit In Opposition To Defendants' Motion For Summary Judgment, [dated September 2, 2019]," which defendants' attorney misrepresented to the Court to gain a tactical advantage." <u>See</u>, Civil Docket No. 114.

7. On December 3, 2019, filed with the Court was Mr. Bradshaw's "Sur-Reply In Opposition To Defendant's Reply Memorandum Of Law In Further Support Defendant's Motion For Summary Judgment" dated November 26, 2019, and "Reply Statement Disputed Facts Pursuant To Local Civil Rules 56.1(b) To Defendant's Response and Objections To Plaintiff's [Affidavit In Opposition of Summary Judgment"] dated November 26, 2019. Civil Docket No. 115.

8. By a decision dated December 9, 2019, the Court issued its decision granting Defendants' motion for summary judgment. In its decision, the Court stated, in relevant part, "After careful review of the motion papers submitted by both parties in the above-captioned action (see ECF Nos. 103-09, 114-15), the Court find there are not genuine issues of material fact precluding summary judgment." "Indeed, Mr. Bradshaw fails to point to any evidence in support of his claims beyond his own deposition testimony — which alone cannot withstand a summary judgment motion." "Instead, video footage and medical records directly contradict his account of the events he alleges support his claims." Civil Docket No. 117.

9. However, the Court (1) failed to view all facts, (2) improperly disregarded Mr. Bradshaw's Affidavits and sworn deposition and (3) improperly decided disputed facts

2

or assess credibility when deciding the summary judgment motion. In addition, the Court's decision was ambiguous and it fails to specificly address all claims.

# MOTION TO ALTER OR AMEND THE JUDGMENT

**POINT I:** <u>The Court Failed To View All Facts When Deciding The Summary Judgment Motion</u>

The Court apparently failed to review Mr. Bradshaw's "Affidavit In Opposition To Defendants' Motion For Summary Judgment" dated September 2, 2019, and "Statement of Disputed Facts Pursuant To Local Civil Rules 56.1(b)" dated September 1, 2019, <u>see</u>, Civil Docket No. 100, when deciding defendants' motion for summary judgment.

The Court therefore did not consider Mr. Bradshaw's Affidavit (included with Exhibits) that was sufficient to create a factual disputes that precludes granting defendants' summary judgment motion.

**POINT II:** <u>The Court Improperly Disregarded Mr. Bradshaw's sworn Affidavits and Sworn Deposition Testimony When Deciding Defendants' Summary Judgment Motion</u>

In Mr. Bradshaw's Affidavit in Opposition, Statement of Disputed Facts (at ¶¶ 3, 5, 12, 24) Deposition testimony (at page 255-270), Mr. Bradshaw stated, in relevant part, after being strip searched and while standing in line with his hand on top his head at the rear of the housing unit, Loesch forcefully grabbed hold of his shoulder and right arm, violently pulled and tossed him from the line in an attempt to throw him to the floor. Tebbens immediately tackled Mr. Bradshaw to the ground and after Mr. Bradshaw was handcuffed behind his back Loesch punch him on the [right] side of his face.

3

Additionally, while being escorted out of the area, Tebbens threatened and did bend and twist Mr. Bradshaw's left index finger causing it to snap. (see Affidavit In Opposition, and Statement of Disputed Facts at paragraph 50, and Deposition Testimony at page 286-288).

The Court in its decision, stated, in relevant part, "The Court find there are not genuine issues of material fact precluding summary judgment." "Indeed, Mr. Bradshaw fails to point to any evidence in support of his claims beyond his own deposition testimony — which alone cannot withstand a summary judgment motion." This was a complete error.

In addition to the fact that the Court apparently overlooked Mr. Bradshaw Affidavit In Opposition and Statement of Disputed Facts (Civil Docket No. 100), it was improper for the Court to discount or disregard Mr. Bradshaw's sworn Sur-Reply Affidavit (Civil Docket No. 115) and sworn Deposition testimony — which was sufficient to create genuine issues of material facts without any supporting affidavits or documentation. see, Scott v. Coughlin, 344 F.3d 282, 289 (2d Cir. 2003); Taylor v Rodriguez, 238 F.3d 188, 195 (2d Cir. 2001)(prisoners' affidavit was sufficient without corroboration by other affidavits or documentation); Scicluna v. Wells, 345 F.3d 441, 445 (6th Cir. 2003)(plaintiff's deposition testimony that he told a prison employee about a risk of assault was enough to defeat summary judgment; documentary support was unnecessary).

**POINT III:** <u>The Court Improperly Decided Disputed Facts Or Assess Credibility When Deciding The Summary Judgment Motion</u>

Mr. Bradshaw stated in his sworn affidavits and sworn deposition testimony that defendant Loesch suddenly grabbed hold of his right arm and shoulder, violently pulled and [attempted] to toss him to the floor, and then punched him in the right side of his face while on the ground in handcuffs.

4

Additionally, defendant Tebbens threatened and did twist and bent his left index finger causing it to snap.

Defendants simply denies that defendant Loesch punched Mr. Bradshaw in the face and that Defendant Tebbens bent and twisted Mr. Bradshaw's left index finger causing it to snap.

The Court in its decision simply stated "video footage and medical records directly contradict his account of the events he alleges support his claims." This was a ~~correct~~ complete error.

It was improper for the Court to grant summary judgment because it thinks ~~based on its percept~~ Mr. Bradshaw's assertion about the incident with Defendant Loesch and defendant Tebbens or his injury was inconsistent with the video footage and medical records. see, Scott v Coughlin, 344 F.3d 282, 289-90 (2d Cir. 2003)(court should not have granted summary judgment based on perceived disparity between plaintiff's sworn statement and medical records; doing so was an impermissible credibility determination and weighing of contradictory evidence).

POINT IV:  The Court's Decision Was Ambiguous And It Fails To Specifically Address All Claims Mr. Bradshaw Raised.

Although it appears that the Court's decision directly relates to Mr. Bradshaw's excessive force claim, the Court did not make this undisputedly clear in its decision.

Also, the Court's decision utterly fails to address Mr. Bradshaw's Municipal Liability Claim and Medical Care claim, as well as state law claim for medical malpractice.

5

The Court should therefore make clear its decision on Mr. Bradshaw's excessive force claims against defendant Loesch and defendant Tebbens. The Court also should therefore decide Mr. Bradshaw's Municipal Liability claim and Medical Care claim as well as his state law claim for medical malpractice.

~~CONCLUSION~~

Based on the foregoing, the Court should therefore ~~grant~~ have denied defendants motion for summary judgment on Mr. Bradshaw's excessive force claim against defendant Loesch and defendant Tebbens, and the Court should have decided Mr. Bradshaw's Municipal Liability claim, Medical Care claim, as well as his state law claim for medical malpractice.

## CONCLUSION

For the foregoing reasons, Mr. Bradshaw request that this Court grant ~~the~~ his motion to alter or amend the judgment and deny defendants' motion for summary judgment, together with such other and further relief as the Court deems just and proper.

Dated: Pine City, New York
December 26, 2019

_____
Mr. Jay Bradshaw
Plaintiff - Pro Se
DIN: 08-A-3654
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

To: VIA FIRST-CLASS MAIL

Morgan C. Mckinney, ESQ.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

6

# Affidavit of Service

Bradshaw v City of NY, et al
17-CV-1168(WFK)(ST)

I, Jay Bradshaw, affirm under penalties of perjury that I have served, via First-Class Mail, "Notice of Motion To ALTer or Amend The Judgment" and "Affidavit in Support of Motion To ALTer or Amend The ~~Support of Motion To~~ Judgment" dated December 26, 2019, to the following parties:

Pro Se Office
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Morgan C. Mckinney, ESQ.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

Dated: Pine City, New York
December 26, 2019

_____

Mr. Jay Bradshaw
DIN: 08-A-3654
Plaintiff - Pro Se
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

SOUTHPORT CORRECTIONAL FACILITY
P.O. BOX 2000
PINE CITY, NEW YORK  14871-2000

NAME: Mr. Jay Bradshaw   DIN: 08-

RECEIVED
JAN 02 2020
Legal Mail
PRO SE OFFICE

12/26/2019
US POSTAGE $000.13⁰
Correctional Facility
ZIP 14871
041M11274238

Pro Se Office
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Legal Mail

1120131832